SULLIVAN, HILL, LEWIN, REZ & ENGEL  
A Professional Law Corporation  
  Christine A. Roberts, NV SBN 6472  
  Elizabeth E. Stephens, NV SBN 5788  
228 South Fourth Street, First Floor  
Las Vegas, NV 89101  
Telephone: (702) 382-6440  
Fax Number: (702) 384-9102  

Attorneys for Chapter 7 Trustee,  
William A. Leonard, Jr.

**Electronically Filed: August 25, 2010**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re | CASE NO. 10-13691-LBR |
| THOMAS ROBERT PRINCE and SARAH KRISTINE PRINCE,<br><br>        Debtors. | Chapter 7<br><br>**MOTION TO SELL PROPERTY OF THE ESTATE PURSUANT TO §363 AND RULE 9019**<br><br>Date: September 29, 2010<br>Time: 11:00 a.m.<br><br>Ctrm: LBR - Courtroom 1<br>      Foley Federal Building<br>      300 Las Vegas Blvd. South<br>      Las Vegas, NV 89101<br>Judge: Hon. Linda B. Riegle |

William A. Leonard, Jr. ("Trustee"), the Chapter 7 Trustee of the bankruptcy estate of Thomas Robert Prince and Sarah Kristine Prince ("Debtors"), by and through his attorneys Elizabeth E. Stephens, Esq. of Sullivan, Hill, Lewin, Rez & Engel, hereby moves this Court for an Order approving Sale of Property of the Estate Pursuant to §363 and Rule 9019, to the Debtor. This motion is based upon the entire case file, the memorandum of points and authorities as contained herein and any oral arguments this Court may entertain;

/ / /

/ / /

/ / /

/ / /

- 1 -

312682-v1

# POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACT

1. Debtors, Thomas Robert Prince and Sarah Kristine Prince ("Prince") filed for protection under Title 11, Chapter 7 of the Bankruptcy Code on March 8, 2010. William A. Leonard, Jr. ("Trustee") was appointed shortly thereafter and has served in that capacity ever since.

2. On Schedule B-13 of the Petition the Debtors listed several businesses. Among them were Uintah Investments, LLC and Uintah Land Investments.

3. Prince was 100% owner of the Uintah Investments, LLC dba Sierra Reinforcing ("Sierra"). Prince was a 50% owner of Uintah Land Investments ("Uintah"), as Trustee of the Prince Family Trust. Todd Leany ("Leany"), as Trustee of the Seacliff Lodge Trust was the other 50% owner of Uintah.

4. Uintah owned property located at 5850 W. Desert Inn Road, Clark County, Nevada ("the Property"). The Property was purchased for $650,000. The funds for the purchase were delivered into the escrow from a bank account held in the name of Shelly Leany.

5. The Trustee verified the purchase information regarding the property. Uintah has no other assets.

6. Leany claimed to have a security interest in the Desert Inn property. However, there is no deed of trust recorded on the property in favor of Leany.

7. Pacific Coast Steel ("PCS") filed an action against the Debtors, Sierra and, eventually, Uintah in state court. The PCS theory was that the property was purchased with funds wrongfully transferred from Sierra to Uintah. PCS also claimed that Uintah was the alter ego of Prince.

8. Leany has offered to purchase the Estate's membership interest in Uintah for $20,000, along with any alter-ego claims the Estate might possess.

9. In the Trustee's business judgment this sale is in the best interests of the estate.

/ / /

/ / /

- 2 -

312682-v1

## II.

## ARGUMENT

**A. The Trustee is Seeking to Sell the Estate's Interest in the Debtor's Personal Property.**

The Trustee is seeking to sell the Estate's interest in Uintah, free and clear of all liens and encumbrances to Leany for $20,000.00. Included in the purchase price are the alter ego claims of the Estate involving the Sierra LLC.

11 U.S.C. 363(b) provides in pertinent part:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

The Trustee is seeking to sell this property after notice and a hearing. Further the trustee has a duty under the Bankruptcy Code to liquidate the estate assets as expeditiously as possible.

11 U.S.C. §704 provides as follows:

The trustee shall–

> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

The Trustee asserts that a sale of this property to Leany, who holds a 50% interest in Uintah, is the most expeditious and beneficial method to sell this property. The Property is the only asset of Uintah. Uintah owes Leany $650,000.00. The Trustee believes that the sale of the Trustee's interest in Uintah will benefit the estate and all creditors. Further, the Trustee is unaware of liens or encumbrances on the property and seeks to sell the property free and clear under §363(f).

When a sale includes causes of actions, or claims, the Trustee must also perform an analysis pursuant to Fed. R. Bankr. P. 9019. _In re Fitzgerald_, 428 B.R. 872 (Bankr. 9th Cir 2010); _In re Lahijani_, 325 B.R. 282 (Bankr. 9th Cir 2005).

**B. The Trustee Believes the Settlement and Sale is in the Best Interest of the Creditors.**

After notice and hearing the Court may approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). The Trustee believes that this is a fair settlement and will benefit the Estate. The Trustee owns a membership interest in Uintah. He does not own the property. The Trustee also succeeded to any alter ego claims of the Debtor.

- 3 -

312682-v1

Leany has demonstrated that he is a creditor of Uintah. The Debtors have valued the Estate's interest in both Uintah and Sierra at "$1.00." The Trustee has seen no convincing evidence sufficient to contradict the Debtors' schedules. The Trustee therefore, believes that the sum of $20,000 in payment for the Estate's membership interest in Uintah and interest in the alter ego claims is adequate under the circumstances, subject, as always, to higher offers.

The approval of a settlement by the Bankruptcy Court is within the full discretion of the Court and requires only a sufficient factual record upon which the Court may make an informed and independent judgment. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The Bankruptcy Court has great discretion in approving compromise agreements. The standard is whether a settlement is fair and equitable. *In re Woodson*, 839 F.2d 610, 620 (9th Cir 1988). It is well established that the law favors compromise in bankruptcy cases. *In re Blair*, 538 F.2d 849, 851 (9th Cir 1976).

A settlement should be approved if it is fair and equitable – the Court need not determine the merits of the claims to be compromised, but merely whether the settlement entered into was reasonable, given the particular circumstances of the case. The Court's responsibility is not to decide the numerous issues of fact and law, but merely to decide whether the settlement falls within a reasonable range. *Neiman v. Stein*, 464 F.2d 689, 693 (2nd Cir 1972).

When evaluating the fairness and equity of the settlement, the Ninth Circuit has held that the Court should consider the following factors: (1) the probability of success in litigation; (2) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (3) the difficulty, if any, to be encountered in the matter of collection; and (4) the paramount interest of the creditors and a proper deference to their view. *See In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). The settlement should be approved when the settlement meets the burden after examination of all these factors.

These factors support the settlement proposed here:

1.  <u>Probability of Success in Litigation</u>

The Trustee is satisfied with the Debtor's explanation and supporting documents regarding the purchase of the Desert Inn property, which is the only asset of Uintah. Furthermore, the Trustee

- 4 -

312682-v1

would not need to assert alter ego claims to avoid a transfer if he were to find evidence of a fraudulent transfer of funds from Sierra to Uintah. Consequently, he has concluded that, as of now, there would be no probability of success in litigation. The Trustee succeeded to the Debtors' ownership interest in Uintah, not to ownership of the Property itself.

2.  <u>The Complexity of Inconvenience and Expenses of Litigation</u>

The second factor the courts will consider when determining whether to approve a compromise is the complexity of the litigation involved, expense, inconvenience, and delay necessary. *Id*. As discussed above, by this settlement the parties have avoided litigation altogether. This factor mitigates in favor of settlement.

3.  <u>Difficulty of Collection</u>

Leany's consent to purchase the Estate's interest will ease the collection of the sale price of the LLC membership and the associated alter ego claims.

4.  <u>The Settlement is in the Best Interests of the Creditors</u>

The fourth and the most crucial factor the court considers when determining if a settlement should be approved is the paramount interest of the creditors and proper deference to their view. The Trustee believes the settlement is in the best interest of all the creditors because it ensures the Trustee will receive payment. The settlement with the parties is a fair and reasonable settlement and will result in less risk to the Estate and to the unsecured creditors. There is no guarantee that the Trustee would recover a larger sum or any sum at all through litigation and outside sale, and as described above, the Trustee believes that the settlement is fair and reasonable.

WHEREFORE, the Trustee respectfully requests that this Court approve the settlement of the parties, the sale of the Estate's interest in Uintah and the associated alter ego claims pursuant to §363 to the Debtor and any further relief that the Court deems just and proper.

Dated:    August 25, 2010                    SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                             A Professional Law Corporation


                                             By:    */s/ Elizabeth E. Stephens*
                                                    Christine A. Roberts, Esq.
                                                    Elizabeth E. Stephens, Esq.
                                                    Attorneys for William A. Leonard, Jr.

- 5 -

312682-v1